IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH GIANNONE, SENIOR and JOSEPH GIANNONE, INC., t/a JOSEPH GIANNONE PLUMBING & HEATING, Plaintiffs, | : : : : : | |
| v. | : : | CIVIL ACTION No. 16-911 |
| JOSEPH GIANNONE, JUNIOR and JOSEPH GIANNONE HEATING & AIR CONDITIONING, INC., t/a JOSEPH GIANNONE PLUMBING ▪ HEATING ▪ AIR CONDITIONING, Defendants. | : : : : : : : | |

**MCHUGH, J.**                                                                                      **March 22, 2017**

**MEMORANDUM**

Before me now is Defendants' Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion to Strike Defendants' Motion to Dismiss. Because Defendants' Motion to Dismiss is extremely untimely, Plaintiffs' Motion to Strike is granted.

This case began on February 25, 2016, when Plaintiffs Joseph Giannone, Sr. and Joseph Giannone, Inc. filed their original Complaint. At that time, the case was assigned to Judge Anita B. Brody. Judge Brody referred the matter to a Magistrate Judge for mediation and entered an Order on April 11 staying all deadlines. When mediation failed to produce a settlement, Plaintiffs filed an Amended Complaint on October 26. Two days later, the case was reassigned from Judge Brody to me. On December 12, I lifted Judge Brody's stay. On March 13, 2017, Defendants, Joseph Giannone, Jr. and Joseph Giannone Heating and Air Conditioning, Inc., filed a Motion to Dismiss under Rule 12(b)(6)—their first response to Plaintiffs' claims. This Motion

1

was either 69 days late or 116 days late, depending on whether the clock for a 12(b)(6) Motion began running when I lifted Judge Brody's stay in mid-December or when the Amended Complaint was filed in late October. In either case, the Motion to Dismiss was clearly late. On this basis, Plaintiffs moves to strike Defendants' Motion.

When a party fails to answer or otherwise plead within 21 days of service of the complaint, the court has discretion to allow or bar an untimely response in the absence of a motion for default judgment. *Kampf v. Heinecke*, No. CIV. A. 94-6452, 1995 WL 262526, at \*1 (E.D. Pa. Apr. 28, 1995); *see also McGehean v. AF & L Ins. Co.*, No. CIV.A. 09-CV-01792-T, 2009 WL 3172763, at \*1 (E.D. Pa. Oct. 2, 2009) (same). Exercising this discretion, I find that the extreme and unexplained tardiness of Defendants' Motion weighs heavily in favor of granting Plaintiffs' Motion to Strike. Defendants shall file an answer to Plaintiffs' Amended Complaint within 14 days. Pursuant to Rule 12, Defendants' remain free to assert the defenses advanced in their 12(b)(6) motion at the appropriate time later in the case. An Order follows.

    /s/ Gerald Austin McHugh
United States District Judge